[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a hearing in damages. Both defendants, Riverside Engineers, Inc. and John Russell, have been previously defaulted. John L. Russell appeared pro se and was present and took an active part at the hearing in damages.
The three count complaint sets out a count in negligence against Riverside Engineers, Inc., a count sounding in breach of contract (warranty) against the corporation and a count in negligence against John L. Russell as agent, servant and employee of the corporation.
Included in each of the counts wherein defaults were entered was the allegation.
"10) In order to remedy the many found substantial and material structural defects the addition needs to be reconstructed entirely and a wooden exterior deck to the addition will have to be demolished and also totally reconstructed." CT Page 5161
A written estimate was offered and received in evidence in support of the damage claim. Essentially it merely states, "The reconstruction of one 10 X 30 addition to rear side of main house" with a price of $42,750.
There is no itemization or breakdown contained within the proposal for prices of various material, specifications, hours to be worked nor labor estimations, hourly wages or otherwise.
The only testimony offered in regard to cost of repair was that the going rate for building is $100.00 per sq. foot or $30,000. for a 10 x 30 addition.
The premise was purchased for $113,000 in October 1991. There was evidence from which the court could inferentially determine that the addition to the house was made some 10 years ago. There is no evidence from which the court can determine directly or by inference a diminution of value because of claimed undiscovered structural defects.
No repairs have been made except replacement of a ceiling that resulted from a leaky roof and the roof patching itself. No evidence was offered as to the cost of those repairs.
The measure of damages on the second contract count in this case should be to put the plaintiff in the position the plaintiff would have been in, had all the representation of the defendant been accurate and true, and that the house was in the condition as warranted.
The measure of damages on the first and third counts sounding in negligence is the amount of money to repair the premises that were found to constitute structural defects that were not discovered and disclosed because of negligence of John L. Russell individually and as agent, servant and employee of the corporation.
In either case the plaintiff is entitled to have a home with a 10 year old plus or minus 10 X 30 addition that is structurally sound.
The testimony supports the proposition that in order to correct the condition the addition and deck must be demolished and totally reconstructed. The result of such would be a completely new structure and deck. Any attempt by the court to CT Page 5162 find a less drastic and a resulting less expensive approach was countered with other evidence. The defendant, Russell, appeared pro se and did conduct cross examination. Mr. Russell, however, offered no testimony to counter the plaintiff's evidence. Representation was made that the overlapping of the various outside siding, inside wall covering, dry well etc. effectively locked the premises in place and leveling is not doable. Even if the proper supports could be installed and tied into the main structure the present 10 x 30 structure would remain out of level. The floor would sloop. The windows jam.
The issue that comes to the court is how to assess fair and reasonable damages to the plaintiff without giving a windfall to the plaintiff.
The quality of the testimony in response to a leading question that it would cost $12,750.00 to demolish the structure without further explanation is not weighty enough to carry the burden required to persuade this court on that issue.
Although the court would have appreciated more explanation of the $100.00 per square foot cost. For example, how it applies to new construction, repairs and if it applies when building on existing foundation. However, the rate does provide some basis upon which this court is able to deduce.
The court also would have benefited from some testimony regarding life expectancy of a roof, siding etc. to determine how to depreciate the cost of the new repair to a value that represents the value of a 10 year old addition and deck.
There is no credible evidence that the foundation is not structurally sound. There is no evidence that the five windows and cabinets cannot be reused. There certainly will be other material that can be reused. The court has accordingly reduced the $100 per sq. foot rate to $75 per sq foot. Taking all of those facts into consideration as well as a ten year depreciation factor the court finds that the plaintiff has suffered damages in the amount of $20,000.
Judgment for the plaintiff against the defendant on all three counts in the total amount of $20,000.00.
JOHN WALSH, J. CT Page 5163
Judgment entered in accordance with Foregoing Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk